## CIRCUIT COURT OF WASHINGTON COUNTY

William Donald Winebarger
and Jeanne Winebarger

v.

Fred Hughes

July 10, 1987

Case No. (Chancery) 8173

By JUDGE CHARLES H. SMITH, JR.

I have reviewed this file along with exhibits and memoranda of counsel and considered arguments of counsel. The facts are rather interesting and unusual. Apparently, there is little dispute concerning same.

The defendant, Fred Hughes, was married to plaintiff's deceased, Ora Gay Winebarger Hughes. Mrs. Hughes died testate leaving Mr. Hughes as one of her survivors and heirs. Mrs. Hughes executed a will on May 18, 1978, in which she provided:

> *THIRD*: I give, devise and bequeath all of my real estate of which I may die seized and possessed to my husband, Fred Hughes, provided he survives me and is living at the date of my death, for and during his natural life, with the remainder in fee to my six children . . .

On February 8, 1983, Mr. and Mrs. Hughes executed a deed conveying the real estate in question to plaintiffs reserving therein "a life estate for their joint lives and the life of the survivor thereof." (Exhibit A, deed book 664, page 656). Subsequent thereto, the Hughes became

separate and entered into a separation agreement dated July 8, 1983. Paragraph # 4 of said agreement contains the usual discharge and release of curtesy.

The defendant is exercising some dominion and control over the property in which he claims a life estate. The plaintiffs allege that the deed of February 8, 1983, created a jointure in Mr. Hughes and that this estate was extinguished by the separation agreement and that he consequently has no interest in nor claim to Mrs. Hughes's estate.

> Jointure at common law consists of an estate or interest in land to take effect in possession or profit immediately on the death of the husband, in satisfaction of dower, and it must so appear in the deed . . . .
>
> At common law there were five requisites of jointure: (1) It must commence immediately on the death of the husband; (2) it must be an estate for the wife's life, at least, and not a smaller estate; (3) it must be made to herself, and not in trust for her; (4) it must be made, and expressed to be, in satisfaction of her whole dower, and not of a part; (5) it must be made before marriage. (6 *Michie's Jurisprudence* 388).

Some of the common law requisites of jointure have been nullified by statute. The current Virginia statute provides as follows:

> If any estate, real or personal, intended to be in lieu of dower, shall be conveyed, devised or bequeathed for the jointure of the wife, to take effect in profit or possession immediately upon the death of her husband and continue during her life at least, such devise, bequest or conveyance shall bar her dower of the real estate, or the residue thereof, and every such provision, by deed or will, shall be taken to be intended in lieu of dower unless the contrary intention plainly appear in such deed or will or in some

other writing signed by the party making the provision. (Section 64.1-29 of the Code).

It should be noted further that modern statutes concerning dower and curtesy are equally applicable to each. (*See* Sections 64.1-19.1 and 64.1-22 of the Code.)

The case of *Fuller v. Virginia Trust Co.*, 183 Va. 704 (1945), contains a very good explanation of the doctrine of jointure. It is evident from that case that the modern statute has remained basically the same since its revision in 1938. Quoting from pages 710-711 of that opinion, the court said:

> Under the statute, as well as at common law, a provision in lieu of dower is to take effect at the death of the husband, for it is then that the widow is put to her election as to whether she will accept the jointure, or claim dower in her husband's estate, and the provision of the statute is that "when she shall elect and receive her dower, the estate so conveyed or devised to her shall cease and determine."
> . . .
> [T]he "jointure" therein referred to as operating to bar dower does not include property in which a present estate is settled upon the wife but is confined to settlements to take effect at the death of the husband. Unless the term "jointure" here used be given its technical meaning . . . the result would be that every gift from husband to wife, however insignificant in value, would operate . . . to put the wife to her election between such gift and her dower rights at the husband's death. . . .
> One of the essential elements in practically every definition of jointure in lieu of dower is that it is an estate that must take effect in possession immediately on the death of the husband nd continue during the life of the wife at least.

The life estate in question here was created by the deed of February 16, 1983, an *inter vivos* transaction.

Had the deed not been executed and had these parties not separated and executed the separation agreement, it could well have been argued that the will of May 18, 1978, created a jointure in the husband. However, the deed created a present, possessory estate in the real estate in favor of Mr. Hughes. There was no requirement that Mrs. Hughes die in order that he come into possession of or enjoy his life estate. It commenced with the execution of the deed. Indeed, Mr. Hughes had no interest in the real estate that he could convey to anyone other than his contingent right of curtesy. The deed creating in him a life estate was, in fact, a gift taking effect *in praesenti*. The separation agreement is of no consequence as it does not operate to extinguish or convey his life estate.

The court, therefore, would sustain the demurrer and requests Mr. Hutton prepare an order commensurate herewith. Mr. Sheffield will be given leave to file amended pleadings if he be so advised.